PROB 12C
(9/01)

# United States District Court

for

## SOUTHERN DISTRICT OF TEXAS

### Superseding Petition for Offender Under Supervision

Name of Offender:   **ROBERT CAVAZOS**                                    Case Number:   **C-10-042-01**

Name of Sentencing Judicial Officer:   **HONORABLE HAYDEN HEAD**

Date of Original Sentence:   **MAY 13, 2010**

Original Offense:   **POSSESSION WITH INTENT TO DISTRIBUTE 3.76 KILOGRAMS OF MARIJUANA, IN VIOLATION OF 21 U.S.C. § 841(a)(1) AND 841(b)(1)(D).**

Original Sentence:   **TWENTY-SEVEN (27) MONTHS CUSTODY OF THE U.S. BUREAU OF PRISONS FOLLOWED BY A THREE (3) YEAR TERM OF SUPERVISED RELEASE.**

Type of Supervision:   **SUPERVISED RELEASE**      Date Supervision Commenced:   **01/13/12**

Maximum Penalty Upon Revocation:   **TWO (2) YEARS IMPRISONMENT, PURSUANT TO 18 U.S.C. § 3583(e)(3).**

---

## PREVIOUS COURT ACTION

**04/10/12:**  The Honorable Hayden Head, Senior U.S. District Judge, Corpus Christi Division signed an Intra-District Transfer of Jurisdiction which transferred jurisdiction to the McAllen Division.

**04/13/12:**  A Report on Offender Under Supervision - No Court Action Required was submitted alleging the release violated the mandatory condition of supervision, in that, he illegally possessed and unlawfully used a controlled substance, to wit:  marijuana on February 22, 2012, March 17, 2012, March 19, 2012, and March 28, 2012.  The Report also alleged a violation of the special condition of supervision, in that, the releasee failed to participate as directed in a drug/alcohol treatment program.  On April 17, 2012, the Court concurred with the no action recommendation.

**05/07/12:**  A Petition for Warrant or Summons for Offender Under Supervision was submitted alleging the releasee committed the offense of possession of a miscellaneous substance.  The Petition also alleged the release violated the mandatory condition of supervision, in that, he illegally possessed and unlawfully used a controlled substance, to wit: marijuana on February 22, 2012, March 17, 2012, March 19, 2012, March 28, 2012, April 9, 2012, and April 14, 2012; and a violation of the special condition of supervision, in that, the releasee failed to participate as

RE:   CAVAZOS, Robert                                                                                                        2
Dkt. No.:   C-10-042-01

directed in a drug/alcohol treatment program.  On May 18, 2012, the Court ordered the issuance of a warrant, and no bond be set.

## PETITIONING THE COURT

**To hear the original violations, as well as the additional alleged violations contained in this Superseding Petition, at the revocation hearing set for <u>July 27, 2012</u> at <u>9:00 a.m.</u>  It is understood that the original and new allegations are contained in this Superseding Petition.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation Number</u>     <u>Nature of Noncompliance</u>

**1.             Mandatory Condition:     "SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME"**

**A.**  On or about April 19, 2012, in Edinburg, Hidalgo County, Texas, within the Southern District of Texas, Robert Cavazos violated the mandatory condition of supervision by committing the offense of possession of a miscellaneous substance, a Class B misdemeanor, that is "K2 " / "Spice" (synthetic marijuana), a controlled substance listed in a schedule by an action of the commissioner under this chapter but not listed in a penalty group, in violation of § 481.119(b) of the Texas Health and Safety Code.  This offense also constitutes a violation of simple possession of a controlled substance, in violation of 21 U.S.C. § 844.

According to the incident report prepared by O. Montelongo, who is employed as a staff member at the Mid Valley House, on April 19, 2012, at approximately 12:10 p.m., he observed a package of Mad Hatter incense along with a lighter fall out of the releasee's shorts while the releasee was providing a urine specimen.  It should be noted that Mad Hatter incense is a brand of synthetic marijuana.  Further, the package containing the synthetic marijuana did indicate that the contents are not for human consumption.  No formal charges were filed.

**B.**  On or about May 18, 2012, in Hidalgo County, Texas, within the Southern District of Texas, Robert Cavazos violated the mandatory condition of supervision by committing the offense of driving while intoxicated, in violation of § 49.04 of the Texas Penal Code.

According to the arrest report prepared by Trooper Luis Gonzalez of the Texas Department of Public Safety, on May 18, 2012, at approximately 7:11 a.m., he observed the driver of a red Jeep fail to drive in a single lane on U.S. Highway 83 just east of Sullivan City, Texas.  Trooper Gonzalez conducted a traffic stop, and made contact with the driver, who identified himself as Robert Cavazos. While speaking with the releasee, Trooper Gonzalez observed an odor alcohol emitting from his person.  When asked how many alcoholic beverages he had consumed, the releasee responded two, three, or four.  The releasee was then asked to provide two breath

RE:   CAVAZOS, Robert                                                                                                       3
      Dkt. No.:    C-10-042-01

samples, which resulted in a BAC level of .183 and .177.  The releasee was then asked to perform a series of field sobriety tests, to which he failed.  The releasee was then placed under arrest for driving while intoxicated, and he was transported to the Hidalgo County Jail.

On May 31, 2012, Mr. Cavazos pled guilty to committing the offense of driving while intoxicated, and was sentenced to 45 days custody in Criminal Docket Number CR-12-4216-B.

**2.**            **Mandatory Condition:**        **"SHALL NOT ILLEGALLY POSSESS A CONTROLLED SUBSTANCE"**

**AND**

**"SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE"**

Robert Cavazos violated the mandatory condition of supervision by illegally possessing and unlawfully using a controlled substance, to wit:  marijuana on February 22, 2012, March 17, 2012, March 19, 2012, March 28, 2012, April 9, 2012, and April 12, 2012, as evidenced by laboratory analysis of the urine specimens collected from the releasee on the aforementioned dates indicating the presence of said controlled substance.

The releasee admitted in a written statement, entitled "Report of Positive Urinalysis," the illegal usage of marijuana which resulted in the February 22, 2012, positive urine test.  Furthermore, the releasee denied the illegal usage of marijuana which resulted in the March 17, 2012, March 19, 2012 positives, and he has not been confronted with the three latest positive urine test.  For the Court's information the nanogram levels on all of the six positive urine specimens indicate continuous marijuana usage.

**3.**            **Standard Condition #7:**   **"SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL"**

On May 18, 2012, Robert Cavazos violated standard condition #7 of supervision by excessively using alcohol, as evidenced by allegation 1B.

**4.**            **Special Condition:**        **"SHALL PARTICIPATE AS DIRECTED IN DRUG/ALCOHOL TREATMENT PROGRAM"**

**A.**  Robert Cavazos violated the special condition of supervision which requires that he participate as directed in a drug/alcohol treatment program and comply with the treatment agency's rules and regulations when he used marijuana on February 22, 2012, March 17, 2012, March 19, 2012, March 28, 2012, April 9, 2012, and April 12, 2012.  The releasee had been advised by his probation officer and his drug treatment counselor, at the commencement of the treatment, that using illicit drugs is contrary to the rules and regulations of the treatment agency.

**RE:   CAVAZOS, Robert**                                                                                                                     4
     **Dkt. No.:   C-10-042-01**

**B.** On April 9, 2012, the releasee began a 45-day inpatient treatment program at the Mid Valley House in Edinburg, Texas.  On April 11, 2012, at 2:04 p.m., the releasee was observed to be smoking a cigarette outside of the facility.  The releasee was aware that smoking is prohibited on the Mid Valley House premises.

On April 19, 2012, at 12:10 p.m., staff member O. Montelongo observed a pack of Mad Hatter incense along with a lighter fall out of the releasee's shorts while the releasee was providing a urine specimen.  It should be noted that Mad Hatter incense is a brand of synthetic marijuana.  The releasee was subsequently unsuccessfully discharged from the Mid Valley Halfway House.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Approved:                                                                                                Respectfully submitted:

_____            by            _____
Norma Perez, Supervising                                                                       Robert Weaver
U.S. Probation Officer                                                                              Sr. U.S. Probation Officer
                                                                                                              Date:  July 6, 2012
                                                                                                              (RW/db)                #268534

RE:   CAVAZOS, Robert                                                                                       5
Dkt. No.:   C-10-042-01

---

THE COURT ORDERS:

[ ]   No Action

[ ]   The Supervised Releasee be summoned to appear before the United States Magistrate Judge, McAllen, Texas, on the date and time set forth on the attached Summons for an initial appearance in order to initiate Supervised Release revocation proceedings before the United States District Court, 10th Floor, 1701 W. Bus. Hwy. 83, McAllen, Texas, to show cause why his Supervised Release should not be revoked.

[ ]   The issuance of a warrant, and a bond of $_____ cash/surety with supervision as directed by the Probation Officer as a condition of said bond. Further, that a revocation hearing be set to show cause why Supervised Release should not be revoked.

[ ]   The issuance of a warrant, and no bond be set. Further, that a revocation hearing be set to show cause why Supervised Release should not be revoked.

[ ]   To set a Revocation Hearing to show cause why probation should not be revoked at the time of disposition in Criminal Cause Number _____.

[X]   Other:   **That the original allegations as well as the additional alleged violations be heard at the time of the revocation hearing set for July 27, 2012 at 9:00 a.m. It is understood that the original and new allegations are contained in this Superseding Petition. The condition of no bond previously set remain.**

*/s/ Randy Crane*
_____
Honorable Randy Crane
U. S. District Judge


July 9, 2012
_____
                        Date